**IN THE COURT OF APPEALS OF IOWA**

No. 17-0259
Filed April 19, 2017

**IN THE INTEREST OF R.D., I.D., and A.D.,**
**Minor children,**

**C.R., Mother,**
        Appellant.
_____


Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.


A mother appeals the termination of her parental rights to her children.
**AFFIRMED.**


Martha L. Cox, Bettendorf, for appellant mother.

Thomas J. Miller, Attorney General, and Kristi A. Traynor, Assistant Attorney General, for appellee State.

Joshua T. Cobie of Brubaker, Flynn & Darland, P.C., Davenport, guardian ad litem for minor children.


Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

The mother, C.R., started using illegal substances when she was twelve years old, and she has been abusing drugs and alcohol on and off since. She has six children, three of which are the subject of this appeal—R.D., born in 2008; I.D., born in 2009; and A.D., born in 2010. The mother's other three children have no relationship with R.D., I.D., and A.D.; the two oldest children live with their maternal grandparents in Virginia, and the youngest child was placed in foster care.

J.D. is the father of R.D., I.D., and A.D.[1] He has had ongoing custody and care of the children since approximately 2012, and he supervised visits between the mother and the children in his home. He has a history of alcohol abuse, but he had been sober for some time until December 2014, after it was reported one of the children had been sexually abused by a babysitter.

The Iowa Department of Human Services (Department) became formally involved with the family in February 2015. At that time, the mother was participating in a substance abuse treatment program and living at the provider's residential facility. It was anticipated she would be discharged in August 2015; however, she left the facility in May 2015 before completing the program. The mother did not maintain contact with the Department's caseworker thereafter, and the mother's whereabouts were unknown for most of the case. The mother had not seen the children since approximately February 2015, except for one instance around Christmas 2015 when she showed up at a gas station where the

---

[1] The father's parental rights are not at issue in this appeal.

father and children were and "made all sorts of false promises to the children" that "resulted in negative behaviors by all of the children."

Services were offered to the family, but the mother was not involved with any reunification efforts. In September 2016, the State filed petitions for termination of the mother's parental rights to the three children. At the time of the termination-of-parental-rights hearing in January 2017, the mother was in jail, having been placed there December 1, 2016. The Department stated the mother had no contact with the children since December 2015, but the mother testified she saw the children in April 2016 and gave them Easter baskets. The mother testified that she was again participating in treatment through the jail and had been sober since December 2, 2016. She testified she would be successful this time because she had a plan, and she requested additional time for reunification since reunification efforts with the father were still ongoing. The juvenile court subsequently entered its order terminating the mother's parental rights.

The mother now appeals. She does not challenge the grounds for termination found by the juvenile court or assert the exceptions to termination apply here. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (stating we do not have to discuss any step of the three-step analysis the juvenile court must decide in the process of terminating a parent's parental rights if the step was not challenged by the parent on appeal). Rather, she argues termination of her parental rights was not in the children's best interests pursuant to Iowa Code section 232.116(2) (2016). Specifically, she contends the father's ongoing issues and the children's removal from his care means the children's permanent placement has yet to be determined, and therefore termination of her parental

rights was not in the children's best interests. She also argues the children should not be separated from their two older siblings who live in Virginia. Upon our de novo review, *see In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014), we agree with the juvenile court that termination of the mother's parental rights is in the children's best interests.

Section 232.116(2) sets forth the framework for determining whether termination of parental rights is in a child's best interests. *See P.L.*, 778 N.W.2d at 37. "The primary considerations are 'the child's safety,' 'the best placement for furthering the long-term nurturing and growth of the child,' and 'the physical, mental, and emotional condition and needs of the child.'" *Id.* (citation omitted). With these considerations in mind, the juvenile court concluded:

> Termination of parental rights and adoption provides a full time legal committed parent to these children. It is unknown whether their father will meet this need for the children. . . . He is the only parent the children have known for the past year and a half. His relationship with them may be irreparably harmed by his recent failure. However, his recent failure has little bearing on whether or not [the mother's] parental rights should be terminated. It remains in their best interest to be as far away from her rollercoaster and dangerous lifestyle as possible.
>
> The history of this case clearly demonstrates that reasonable efforts were undertaken to prevent or eliminate the need for removal of the children from the parental home, that reasonable efforts were offered to reunify the children with their mother but the call to her went unanswered for over a year. In fact the only time she has expressed an interest in parenting the children is when she is incarcerated; when released she disappears. Her testimony and intentions today do not fulfill [the] children's need for a full time committed parent now. Failure to terminate parental rights would be contrary to the welfare of the children as the termination of parental rights is the only reasonable means to establish permanency for [the children] in the near future.

We agree with the juvenile court's conclusions.

Additionally, we note the children have no relationship with their older siblings, who are not in the mother's care but rather their grandparent's care in Virginia. This does not negate the mother's failure to parent the children or have any involvement in their lives. The mother has chosen substances and alcohol over a relationship with her children time and time again. While the status of the children's permanency with regard to the father may remain at issue, the mother has had adequate time to show she wants and can provide a permanent home for the children and has failed. Upon our de novo review, we agree with the juvenile court that the State established termination of the mother's parental rights is in the children's best interests. Accordingly, we affirm the order terminating her parental rights.

**AFFIRMED.**